No. 709.—CHARLES H. WALKER *v.* EDWARD SIMON, Jr., Administrator, etc.   J. MONTGOMERY et al., Intervenors.

A clerk of the District Court is not disqualified on account of his office from becoming surety on an appeal bond in an appeal from a judgment from the court of which he is clerk.

If the clerk commit a clerical error of importance in issuing citation to the appellee its only effect would be to require time to be given for a correct citation.

The filing of a transcript of appeal on the first day of the meeting of the Court after the appeal is taken is sufficient. A party does not lose his right of appeal because of failure of the Supreme Court to hold the next regular term after it is taken.

An intervenor must establish the correctness of his own claim before he can oppose prescription to the plaintiff's demand.

APPEAL from the District Court, parish of St. Martin.   *Gates*, J.   *McMillan & Mossy*, for intervenors, appellants, *DeBlanc & Perry*, *Gibbon & Wilson*, for appellees.

HOWE, J.  A motion has been made to dismiss the appeal on five grounds which we are required to consider *seriatim*.

I.  That the bond given to secure the costs was signed and approved by the clerk of the District Court of the parish of St. Martin from the decision of which the appeal is asked.  The bond is signed by V. A. Fournet as surety and attested and filed by L. P. Briant, deputy clerk. The record does not inform us that V. A. Fournet was at this time, May 28, 1868, clerk of the court, but if he was he could become a lawful surety, at least where, as in this case, he did not approve the bond. 10 L. 423.

II.  That the citation of appeal was issued on the twenty-eighth of May, 1868, and the sheriff made a return of the same at the citation on the second of May, 1868.  The record plainly shows that this was a clerical error for the second June, 1868.

III.  That the citation was made returnable on the third Monday of August, 1868.

By the citation the appellees were summoned to appear "at the next regular term of the Supreme Court."  The fact that the clerk added in error, that the term would be held on the third Monday of August could mislead no one.  5 Martin 500.  It certainly did not mislead the appellees in this case, who had counsel learned in the law.  But if this clerical error was of importance, its only effect, since it was not the fault of the appellant, would be to cause time to be given for a correct citation ; and this, in the view we have taken of the case, as will be seen hereafter, would be a vain thing.

IV.  That the appeal was granted in May, 1868, but the transcript was not returned and filed in the appellate court on the third Monday of August, 1868, nor on the first day of the next term of the Supreme Court, as appointed and fixed by law, nor within three judicial days thereafter, nor within fifteen months after the citation of appeal was issued.

It is well known that there was no court held here in 1868. The three judicial days after the return day of this appeal did not begin to run till the court was opened at the present term (1869), and the transcript was filed September 6, 1869, on the first judicial day. This was sufficient.

V. That the intervenors (appellants), have neither offered nor introduced any testimony to show that they are in any way interested in the judgment of the lower court from which this appeal was taken.

This allegation would seem to refer more properly to the merits of the intervenors' claim, which, the motion to dismiss being overruled, we will now proceed to consider.

This action was instituted upon certain mortgage notes held by the plaintiff. The defendant, as administrator, admitted, by his answer, the validity of the claim.

The intervenors alleged in their petition as follows:

"That they are the owners and holders of certain notes drawn and indorsed by Edward Simon, Sr., the intestate, and secured by conventional mortgage on the property described in plaintiff's petition, which mortgage on its face appears to rank next inferior to that of plaintiff, while in law, and in fact it has a superior rank, and ought to be paid in preference to that of plaintiff, as it is specially averred that the notes sued upon are prescribed, and which prescription they plead; and they pray that plaintiff's claim be rejected."

There was judgment rejecting the demand of the intervenors, and in favor of plaintiff, and the intervenors appealed.

Upon the trial in the District Court, the intervenors offered no evidence. The notes they claim to hold, and which are so vaguely described in their petition, were not produced; the mortgage by which they allege these notes to be secured was not exhibited, and we are unable to say that they have in any way established their debts in such form as to lay a foundation for their plea of prescription. They claim that the administrator's account, introduced by him, establishes that they have an interest as creditors to plead prescription; but an examination of the account does not justify this theory. . Upon the account the intervenors figure as persons who *claim* to be creditors, but their claims are disputed by the administrator. In regard to them, the account declares: "Suits are pending in the District Court of the parish of St. Mary * * * in regard to the claims herein classed, * * * and the administrator still persists in disputing those claims. They are classed in his account, not that he acknowledges their existence, but for no other purpose than that of retaining in his hands, subject to and until the decision of the suits above referred to, the amount which the holders of those claims will be entitled to in case their suits be decided in their favor."

The account, if relied upon to establish the intervenors' claims, must, as to such claims, be taken as a whole, and so taken, admits nothing in their behalf.

It is doubtful if the plaintiff's claim is prescribed. It is doubtful if the plea of prescription by the intervenors is made in proper form, there being no intimation given in their petition of what prescription they invoke among the many classes established by the Code. Mansfield v. E. E. Norton, 21 Ann. p. 395. But however this may be, it seems certain that the intervenors have not established a sufficient interest to enable them to oppose prescription to the plaintiff's demand. C. C. 3429.

It is therefore ordered, that the judgment appealed from be affirmed at appellant's costs.