No. 379

First Circuit

ASSUMPTION ICE AND COLD STORAGE CO. v. JOHN DALTON CO., LTD. FOSTER, BOATNER & FOSTER, INTERVENERS

(January 9, 1929. Opinion and Decree.)
(March 6, 1929. Rehearing Refused.)
(April 22, 1929. Writ of Certiorari and Review denied by Supreme Court.)

C. A. Blanchard, of Morgan City, attorney for plaintiff, appellee.

C. J. Boatner, of Franklin, attorney for intervener, appellant.

MOUTON, J. An undivided one-fourteenth interest in a plantation containing 450 acres was seized by plaintiff by garnishment process in the hands of W. Prescott Foster, who was made garnishee.

The succession of Murphy J. Foster, through Prescott Foster, its administrator, Prescott Foster for himself, individually, and Charles J. Boatner intervened in the case by way of third opposition, claiming a lien on the property garnished for attorney's fees for $430.30, to be paid by preference from the proceeds to be realized through the sale of the property seized.

Their claim was dismissed and they have appealed.

Plaintiff, seizing creditor, urges the prescription of ten and three years; also the pleas of estoppel and waiver against the claim of opponents; and, in the alternative, that if any recovery be allowed, that the amount demanded be reduced. The proof shows that in 1909 Murphy J. Foster, now deceased, obtained a judgment in favor of John Dalton Company, defendant herein, and against H. C. Tellott, for the sum of $563.45, upon which he allowed 25 per cent attorney's fees, one-third of which was subsequently acquired by Prescott Foster, and the other third by Charles J. Boatner, upon these three attorneys forming a law firm at Franklin, La. That later, in 1918, after the association of these attorneys as partners, the Dalton Company, defendant, acknowledged in writing to be indebted to said firm in the additional sum of $138.50.

It is shown that in 1916, the judgment which Attorney Murphy J. Foster had obtained for the Dalton Company was executed against H. C. Tellott, and that the one-fourteenth of said plantation then owned by Tellott, was adjudicated to W. Prescott Foster, as agent for John Dalton Company, defendant. It is shown that Prescott Foster was to hold the property so adjudicated in his capacity of agent for John Dalton Company until such time as it could be sold, with the understanding that the amount realized by its sale would be applied first to the payment of the judgment of John Dalton Company against H. C. Tellott with interest, costs and attorney's fees, and if a surplus remained, this would go to the payment of Tellott's other judgment creditors. Counsel for plaintiff says, in answer to the claim of opponents, that the judgment of John Dalton Company against Tellott which carried the attorney's fees was obtained in 1909, was never revived, and is now prescribed; that the attorney's fees are prescribed with it. He pleads the prescription of ten years against this judgment and the attorney's fees. He also pleads the prescription of three years against the attorney's fees.

Counsel contends that plaintiff company, a third party, has the legal right to urge these pleas of prescription. He relies mainly on Article 3466, C. C., which permits creditors and all other persons in interest to plead prescription in extinguishment of an obligation, though the person bound by such obligation, should renounce such right of prescription. It is clear from the language used in that article that the person bound by the obligation must have the right to urge the prescription, because if he has not that right, there is no prescription available in his behalf, and that he cannot renounce that which does not exist. The creditor can not have a greater

right than the debtor or obligor, Lemmon vs. Clark, 36 La. Ann. 744, and if the latter cannot plead prescription the creditor is in no better situation. Here, Prescott Foster held the property as the agent of the John Dalton Company with the understanding that the proceeds realized from its sale would be distributed in the manner above stated. Foster, it is obvious, could not have acquired title to this property during the existence of his agency, which, as far as the record discloses, was still existing when the property was seized in his hands as garnishee. This rule of law should work both ways, and for the same reason, John Dalton Company was not in a position, if so inclined, in which it could be permitted to interpose the plea of prescription of either three or ten years against the claim of Prescott Foster for the professional services rendered to the John Dalton Company.

In the case of Wilson vs. Bannen, 1 Rob. 566, a lot of nails, consisting of one hundred and five kegs, was left in the hands of the owners of a ship or their agents, as a pledge for the payment of the freight due on the cargo. The court, basing its conclusion on this state of facts, said that no prescription could run because the pledge was a standing acknowledgment of indebtedness on the part of defendant. In the instant case, as the thing placed by Dalton in the possession of Foster was an immovable, there could be no pledge created by the contract, but nevertheless it remained in his hands as a "standing acknowledgment" of the debt which was due by the Dalton Company, his principal. The relation so created and existing at the time of the garnishment constituted a constant acknowledgment of the adverse rights of opponents, thus interrupting or precluding the course of prescription against their claim for attorney's

fees. C. C. 3520; Wilson vs. Bannen, 1 Rob. 556. Plaintiff, a creditor though a third person has no greater rights than Dalton Company, obligor, and is not entitled to the prescriptions urged in its defense.

The third opponents, however, have failed to allege or prove that the judgment, or their claim for attorney's fees had ever been registered or recorded in the parish where the property in question is situated. The lien or privilege claimed is asserted against an undivided portion of a plantation and its improvements, which constitute an immovable.

The Constitution of 1898 was in force when the judgment stipulating the attorney's fees was obtained in 1909; also, when it was executed in 1916 and the adjudication of the property was made to Prescott Foster. It was in existence when the acknowledgment of $130.50 for subsequent attorney's fees was made by the Dalton Company with the understanding that it would be likewise paid when the proceeds would be realized by Foster from the expected sale of the property. Article 186 of the Constitution of 1898, then in force, provides that all mortgages and privileges on immovable property shall not affect third persons, unless recorded or registered in the parish where the property is situated. There is a similar provision in the Constitution of 1913, and in the present Constitution of 1921. In order to affect third persons C. C., arts. 3273 and 3274 also demand this essential requirement of registry. The party claiming a privilege must establish it by proper and legal proof, which was not made by opponents, as they did not allege nor prove that their claim for attorney's fees had been recorded or registered as the law requires. Their claim for the recognition

of a lien on the property garnished was therefore properly dismissed.

The judgment is, for the foregoing reasons, affirmed with costs.

———

ON APPLICATION FOR A REHEARING.

MOUTON, J. In his answer to the garnishment process, Foster, garnishee, claimed a privilege on the plantation seized for professional services as attorneys, rendered by third opponents to Dalton Company, defendant.

The third opponents and interveners contend that plaintiff having failed to traverse the answer of the garnishee, it cannot be divided, must be taken as a whole, and for that reason, the lien claimed by third opponents on the undivided interest in the plantation, is binding on plaintiff company. This is the general rule of law which is founded on Article 356 C. P., which says: That the confessions of the party interrogated, if plaintiff wishes to "avail" himself thereof, cannot be divided, but must be "taken entire."

In the instant case third opponents came by way of intervention in the case, and claimed their privilege for professional services and for payment from the proceeds of sale of the property by preference or priority. Proof was offered by plaintiff and garnishee on that issue which was fully threashed out on the trial of the third opposition. As plaintiff did not "avail" itself of the confessions of the garnishee, even if third opponents be correct in their contention that such confessions should be taken as a whole, the rule invoked by them has no application herein. Such being the situation, they should have alleged or at least proved that their

claim for attorney's fees had been registered in the parish where the land is situated as the law requires.

Having failed to make the necessary proof they were not entitled to a recognition of the lien claimed on the property seized, as was held in our original opinion.

Rehearing refused.