186 So. 35

RECONSTRUCTION FINANCE CORPORATION v. HOLLOWAY.

SAME v. REICHERT.

SAME v. KENT.

Nos. 34600, 34599, 34601.

Nov. 28, 1938.

Rehearing Denied Jan. 10, 1939.

Dufour, St. Paul, Levy & Miceli and Leonard B. Levy, all of New Orleans, E. H. Bostick, Jr., of Amite, and Anna Judge Veters, of New Orleans, for appellant.

Robert S. Ellis, of Amite, for appellees.

· LAND, Justice.

In each of the above cases, Reconstruction Finance Corporation alleges that it is the holder for value and before maturity of certain promissory notes made and executed by each of the three defendants, who pleaded the prescription of five years against plaintiff's demand and the notes sued upon, besides setting up other defenses in the answer of each defendant. The cases were consolidated in the lower court, but a separate judgment was rendered in each case, maintaining the plea of prescription, and a separate transcript of appeal has been filed by the defendant in each case. The three appeals have also been consolidated in this court for argument.

From these judgments, Reconstruction Finance Corporation has appealed.

Each of the three notes sued upon by Reconstruction Finance Corporation is dated July 1, 1930, payable on demand, to the order of Roseland Box Company, Inc., endorsed by the Roseland Box Company, Inc., and bears interest at 7% per annum from date until paid, and also stipulates for attorney's fees.

The note of defendant Herman H. Holloway is in the sum of $5000, and the following inscription appears on the reverse of the note above the admitted signature of Herman H. Holloway:

"Secured by pledge of $5000.00 Roseland Box Company, Incorporated 7% General Mortgage Bonds, Nos. 96 to 100 inclusive. (Original signed) H. H. Holloway." (R. F. C. v. Herman H. Holloway, Transcript 34,600, page 57).

Reconstruction Finance Corporation alleges that the Holloway note is secured by the pledge of five 7% Serial Gold Bonds of the Roseland Box Company, Inc., Nos. M–96 to M–100, inclusive, in the principal amount of $1000 each.

The note of defendant Thomas W. Kent is in the sum of $10,000, and the following inscription appears on the reverse of the note above the admitted signature of Thomas W. Kent:

"Secured by pledge of $10,000.00 par value Roseland Box Company, Incorporated, general mortgage 7% bonds, Nos. M–131 to 140, inclusive. (Original signed) T. W. Kent." (R. F. C. v. Thomas Kent, Transcript 34,601, page 56.)

Reconstruction Finance Corporation alleges that the Kent note is secured by pledge of ten 7% Serial Gold Bonds of Roseland Box Company, Inc., Nos. M–131 to M–140, inclusive, in the principal amount of $1000 each.

The note of Elmer D. Reichert is in the sum of $5000, and the following inscription appears on the reverse of the note above

the admitted signature of Elmer D. Reichert:

"Secured by pledge of $5000.00 par value Roseland Box Company, Incorporated, 7% general mortgage bonds Nos. M–116 to 120, inclusive. (Original signed) E. D. Reichert." (R. F. C. v. Elmer D. Reichert, Transcript 34,599, page 59.)

Reconstruction Finance Corporation alleges that the Reichert note is secured by the pledge of five 7% Serial Gold Bonds of Roseland Box Company, Inc., Nos. M–116 to M–120, inclusive, in the principal amount of $1000 each.

In each of the suits, Reconstruction Finance Corporation prays for judgment against each defendant, for the amount of the respective notes, with interest, costs and attorney's fees, and for recognition of plaintiff's special lien and privilege on the bonds pledged to secure the payment of the notes of each of the defendants.

An answer was filed by each of the defendants alleging that his note was signed, and the bonds were pledged, solely for the accommodation of the Roseland Box Company, Inc., and that the defendants received no consideration for the notes.

Each one of the defendants alleged, in the alternative, that the bonds were of value and could have been sold under the stipulations in the note; that due to the financial depression the bonds had declined; and that, therefore, the laches and negligence of the holders had occasioned the loss suffered by plaintiff.

All of the defendants admitted on the trial of the cases that the signatures, both

on the face, and on the reverse, of the notes were theirs.

On May 28, 1937, each of the defendants filed a plea of prescription of five years against plaintiff's demand and the notes sued on, which was maintained by the trial judge, and the demand of Reconstruction Finance Corporation was rejected in each case.

■ (1) It is the settled jurisprudence of this State, that prescription does not run during the existence of a pledge. Wilson v. Bannen, 1 Rob. 556; Montgomery v. Levistones, 8 Rob. 145; Latiolais v. Citizens' Bank, 33 La.Ann. 1444; Conger v. City of New Orleans, 32 La.Ann. 1250, and many other cases.

The notes sued upon are themselves the best evidence of the fact that each is secured by the pledge of collateral. The collateral pledged to secure each note is listed on the back of the note, above the signature of the maker of the note, and the signature of the maker of the note is, in each case, above the endorsement of the Roseland Box Company, Inc. The signature of each defendant is admitted. (See transcript, pages 55 and 56 in the case of R. F. C. v. Thomas W. Kent, No. 34,601; and transcript, pages 56 and 57 in the case of R. F. C. v. Herman H. Holloway, No. 34,600; and transcript, pages 58 and 59 in the case of R. F. C. v. Elmer D. Reichert, No. 34,599.)

Besides, the testimony of Mr. Sidney W. Souers, a former employee of the Canal Bank & Trust Company, and not in any way connected with the plaintiff, or with the Canal Bank & Trust Company at the time of the suit, clearly establishes the fact that the notes were secured by the pledge of the collateral listed on the reverse of each note:

"Q. What collateral secured these renewal notes? A. Note of J. W. Kent, dated July 1, 1930, due on demand for $10,000, secured by $10,000.00 Roseland Box Company, Inc., Second Mortgage Bonds * * * Note of H. H. Holloway, dated July 1, 1930, due on demand for $5000.00, secured by $5000.00 Roseland Box Company, Inc., Second Mortgage Bonds * * * Note of E. D. Reichert, dated July 1, 1930, due on demand for $5000, secured by $5000.00 Roseland Box Company, Inc., Second Mortgage Bonds." (Transcript R. F. C. v. Herman H. Holloway, No. 34,600, pages 47-C, 47-D and 41; Transcript R. F. C. v. Thos. W. Kent, No. 34,601, pages 37 and 38; Transcript R. F. C. v. Elmer D. Reichert, No. 34,599, pages 40 and 41.)

As shown by the records in these cases, the notes of the three defendants were not only secured by the collateral listed on the reverse of each note, but the collateral remained pledged to secure the payment of each note up to the time of the filing of the suits.

These notes were renewal notes. They were all dated July 1, 1930, and were payable to the order of the Roseland Box Company, Inc. Almost immediately after their execution, they were endorsed by the Roseland Box Company, Inc., and pledged to secure its indebtedness to the Canal Bank & Trust Company in the sum of $15,000,

which obligation was likewise dated July 1, 1930.

On July 11, 1932, Canal Bank & Trust Company pledged to Reconstruction Finance Corporation the note of the Roseland Box Company, Inc., dated July 1, 1930, in the amount of $15,000, secured by the notes of the three defendants, which, in turn, were secured by the pledge of the Roseland Box Company bonds described on the reverse of each note.

In the instrument of pledge, the notes of the three defendants, herein sued upon, were listed. Opposite the note of Thomas W. Kent, dated July 1, 1930, in the sum of $10,000 were the words, "secured by $10,000. Roseland Box Company 7% bonds." Opposite the note of Herman H. Holloway, dated July 1, 1930, in the sum of $5,000, were the words, "secured by $5,000.00 Roseland Box Company 7% bonds." And opposite the note of Elmer D. Reichert, dated July 1, 1930, in the sum of $5000 were the words, "secured by $5,000.00 Roseland Box Company 7% bonds." (Kent, Transcript. Vol. 2, page 227; Holloway, Tr. page 122; Reichert, Tr. pages 139 and 140.)

■ The fact that the pledged bonds were actually attached to the defendants' notes, at the time they were pledged to the Reconstruction Finance Corporation by the Canal Bank & Trust Company, was also evidenced by the testimony of Mr. William H. Brundige, who testified that he personally checked the notes and pledged bonds, at the time they were delivered to Reconstruction Finance Corporation by the Canal Bank & Trust Company. (Kent, Tr. Vol. 2, page

270; Holloway, Tr. page 168; Reichert, Tr. page 181.)

The plea of prescription in this case was therefore improperly maintained, because the pledge was a standing acknowledgement of indebtedness on the part of the defendants, and prescription does not run as long as the thing pledged remains in the possession of the pledgee. Wilson v. Bannen, 1 Rob. 556; Montgomery v. Levistones, 8 Rob. 145.

■ (2) Recognizing the fact that the pledge of the collateral listed on the reverse of each note had the effect of interrupting prescription, defendants sought to show that the collateral was not pledged by them.

Counsel for Reconstruction Finance Corporation, plaintiff, objected, in each case, to the introduction of parol evidence tending to vary the terms of the written instruments on which the suits were brought. (Holloway, Tr. pages 182 and 183; Kent, Tr. Vol. 2, pages 284 and 285; Reichert, Tr. pages 195 and 196.)

In our opinion, the lower court erred in overruling the objection of counsel to the verbal testimony, as it is a well established rule of law that parol evidence is inadmissible to vary a written contract or agreement.

■ Besides, here the plaintiff, Reconstruction Finance Corporation, is a third party, and is holder in due course of the instruments involved in the suits, and therefore holds them free of any equities or defenses between the original parties.

Reconstruction Finance Corporation derived its title to the notes in suit through the Canal Bank & Trust Company; and the Canal Bank & Trust Company was a holder in due course of the instruments, having acquired them within a few days after the date of their issue, from the Roseland Box Company, Inc., the original payee.

The Canal Bank & Trust Company is, without doubt, a holder in due course, in view of the decision of this court in the case of Bank of St. John v. Hibernia Bank & Trust Company, in Liquidation, et al., 189 La. 1, 179 So. 15. In that case this court held that demand notes negotiated, one within twenty-five days after its date, and the other within ninety-three days after its date, were negotiated within a reasonable time and that the pledgee thereof was a holder in due course, not subject to equities between prior parties.

In the case of Brock v. Citizens Bank & Trust Co., 187 La. 1078, 175 So. 673, this Court also held that a demand note, pledged within twenty-five days after its issue, was negotiated within a reasonable time so as to make the pledgee a holder in due course.

Since Reconstruction Finance Corporation derived its title through Canal Bank & Trust Company, it likewise became a holder in due course under the provisions of Section 58 of Act 64 of 1904: "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defences as if it were non-negotiable. But a holder who derives his title through a holder in due course,

and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter."

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defences available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." Section 57 of Act 64 of 1904.

Under the provisions of the Negotiable Instruments Law, above cited, Reconstruction Finance Corporation is a holder in due course of the instruments involved in these suits, and, as it is not pretended that the Corporation itself is a party to any fraud or illegality affecting the instruments, it holds them free from defenses available to prior parties among themselves.

▆ (3) The contention of defendants that the notes were accommodation notes is likewise without merit.

Section 29 of Act 64 of 1904, the Negotiable Instruments Law, declares that "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The plaintiff in these cases, being a third party and a holder in due course, holds the defendants' notes free from any equities between prior parties.

 (4) We feel constrained to observe that the defense of these three defendants, that neither signed a pledge of the Bonds of the Roseland Box Company, does not impress this court, in the face of the conclusive facts of the case.

The notes themselves have the pledged bonds listed on the reverse above the signature of each of the defendants in these suits. Defendants admit their signatures, both as makers, and on the reverse of these notes. And when we consider that the notes were payable to the order of the Roseland Box Company, Inc., and by it endorsed, there could have been no other reason for the signature of the defendants on the back of the notes, except for the purpose of pledging the bonds as collateral.

In the case of Boullt v. Sarpy, 30 La. Ann. 494, this court very aptly remarked:

"As signatures to an obligation are not mere ornaments, he cannot justly expect to be relieved from the effects of his own act, on the ground 'that he does not know now why he signed that note.'"

No possible reason existed, or could have existed, for affixing the signatures on the back of each note, at a point immediately below the contract of pledge, except to evidence in writing the contract of pledge executed by the maker of each note. Besides, the testimony of Sidney W. Souers, the only disinterested witness in the case, proves that the notes were secured by the pledge of the bonds.

 (5) In the face of these facts, the contention of defendants that the Canal Bank & Trust Company agreed to hold de-fendants harmless in signing these notes, is without weight and falls of its weakness.

In addition to this, Mr. Sidney W. Souers, who was Vice-President of Canal Bank & Trust Company for 5 years, testified that during his connection with the bank, "all loans to the Roseland Box Company, Inc., were made under my personal supervision." Answer to Int. 3, Transcript page 39.

 "Based upon the discussions had at the time the loans to the Roseland Box Company Inc., were made by the bank, and the various renewals thereof, there could not have been any misunderstanding as to whether the Directors were personally liable to the bank. The question was fully discussed, and they were specifically informed of their personal liability and they willingly and freely committed themselves through signing of the collateral notes attached to the notes of the Roseland Box Company, Inc., as collateral thereto, in other words, it was Mr. Reichert's and the other directors intention at the time to guarantee the bank against loss on loans made and the renewals thereof." Answer to Int. No. 19, Tr. p. 42.

It follows, necessarily, that the Canal Bank & Trust Company acquired these collateral notes in good faith and for value, and, as the notes came into the hands of the Bank immediately after issue, the Bank is a holder in due course.

 The plaintiff, Reconstruction Finance Corporation, having derived its title through the Bank, a holder in due course, has all the rights of such former holder in respect of all parties prior to the latter.

It is therefore ordered, adjudged and decreed that the judgment rendered in favor

of defendant Herman H. Holloway, and against plaintiff, Reconstruction Finance Corporation in No. 34,600; that the judgment rendered in favor of defendant Elmer D. Reichert, and against plaintiff, Reconstruction Finance Corporation, in No. 34,599; and that the judgment rendered in favor of defendant Thomas W. Kent, and against plaintiff, Reconstruction Finance Corporation, in No. 34,601, maintaining the plea of prescription of five years, and rejecting the demand of plaintiff in each of said cases, at plaintiff's costs, be, and the same are hereby, annulled and reversed.

It is now ordered, adjudged and decreed that in case of Reconstruction Finance Corporation v. Herman H. Holloway, No. 34,600, that there be judgment in favor of the plaintiff and against the defendant, in the full sum of $5000, together with interest at the rate of seven per cent per annum thereon from the 1st day of July, 1930, until paid, plus an additional amount of ten per cent upon said principal and accrued interest as attorney's fees; and that plaintiff's special lien and privilege under the pledge above referred to, to secure the amount of principal, interest and attorney's fees, be recognized and maintained upon the five seven per cent Serial Gold Bonds of the Roseland Box Company, Inc., State of Louisiana, numbered M–96 to M–100, inclusive, each in the principal amount of $1,000, with coupons due January 1, 1931, and subsequent coupons attached, dated January 1, 1928, due July 1, 1943, secured by a special mortgage executed and delivered by said Roseland Box Company, Inc., to Herman P. McClendon and Thomas W. Kent, of Amite, Louisiana, Trustees, by an act passed before Cuthbert S. Baldwin, Notary Public for the Parish of Orleans, State of Louisiana, under date of April 2, 1928, with all costs of these proceedings.

It is further ordered, adjudged and decreed in case of Reconstruction Finance Corporation v. Elmer D. Reichert, No. 34,599, that there be judgment in favor of the plaintiff and against the defendant, in the full sum of $5000, together with interest at the rate of seven per cent per annum thereon from the 1st day of July 1930, until paid, plus an additional amount of ten per cent upon the principal and accrued interest as attorney's fees, and that plaintiff's special lien and privilege under the pledge above referred to, to secure the said amount of principal, interest and attorney's fees, be recognized and maintained upon the five seven per cent Serial Gold Bonds of the Roseland Box Company, Inc., State of Louisiana, numbered M–116 to M–120, inclusive, each in the principal amount of $1000, with coupons due January 1, 1931, and subsequent coupons attached dated January 1, 1928, due July 1, 1943, secured by a special mortgage executed and delivered by said Roseland Box Company, Inc., to Herman P. McClendon and Thomas W. Kent of Amite, Louisiana, Trustees, by an act passed before Cuthbert S. Baldwin, Notary Public, for the Parish of Orleans, State of Louisiana, under date of April 2, 1928, with all costs of these proceedings.

It is further ordered, adjudged and decreed in case of Reconstruction Finance Corporation v. Thomas W. Kent, No. 34,601, that there be judgment in favor of the plaintiff and against the defendant, in the full sum of $10,000, together with interest

at the rate of seven per cent thereon from the 1st day of July, 1930, until paid, plus an additional amount of ten per cent upon the principal and accrued interest as attorney's fees; and that plaintiff's special lien and privilege under the pledge above referred to, to secure the amount of principal, interest and attorney's fees, be recognized and maintained upon the ten seven per cent Serial Gold Bonds of the Roseland Box Company, Inc., State of Louisiana, number M–131 to M–140, inclusive, each in the principal amount of $1000, with coupons due January 1, 1931, and subsequent coupons attached, dated January 1, 1928, due July 1, 1943, secured by a special mortgage executed and delivered by said Roseland Box Company, Inc., to Herman P. McClendon and Thomas W. Kent, of Amite, Louisiana, Trustees, by an act passed before Cuthbert S. Baldwin, Notary Public for the Parish of Orleans, State of Louisiana, under date of April 2, 1928, with all costs of these proceedings.

O'NIELL, C. J., does not take part.