J.M. Wade, on October 4, 1937, sold and conveyed unto W. Key Welch and R.M. Welch a tract of land in Union Parish, Louisiana, for a recited consideration of $1,500. Of this amount $400 was paid in cash. The balance, or $1,100, was represented by the purchasers' promissory note of that date, it being due and payable October 4, 1938, and secured by a vendor's lien and mortgage on the conveyed property.
While owning and holding the note J.M. Wade on November 6, 1937, executed a separate written instrument granting to said purchasers an extension of time of five years for the payment of the obligation.
After the maturity date of October 4, 1938, had passed, the note was acquired by Albert L. Wade from the original owner and holder, J.M. Wade.
On January 22, 1941, Albert L. Wade instituted this suit seeking the enforcement, by ordinary process, of the note and its securing mortgage and vendor's lien. Both makers were named defendants in the petition.
Only W. Key Welch, however, was served with citation; and he interposed an exception of prematurity which is predicated on the aforementioned extension of time instrument executed by J.M. Wade. Therein exceptor alleges that "the plaintiff, the said Albert L. Wade, acquired the note sued on after maturity, and is not therefore a holder in due course, but is bound by the equities existing between the parties, that is the said J.M. Wade and your respondent herein."
A trial of the exception resulted in a judgment sustaining it and ordering a dismissal of the suit "as to the said W. Key Welch, as having been prematurely filed, at plaintiff's cost, reserving to said plaintiff the right to bring an action in due time."
Plaintiff appealed devolutively.
The controversy presents only the legal question of whether or not this plaintiff, Albert L. Wade, is bound by the extension agreement executed by J.M. Wade, his transferor and the original holder of the note.
It is the contention of plaintiff, as shown by the brief of his counsel, that he "having acquired the note from a due course holder for a valuable consideration possessed the same qualifications as a due course holder and was not bound by any equities due by prior parties unless he was a party to them or at least had some specific knowledge or notice thereof."
Cited in support of that contention are the Louisiana cases of Furman v. George, 169 La. 978, 126 So. 444, and Reconstruction Finance Corporation v. Holloway, *Page 129 191 La. 583, 186 So. 35, in which the court found to be applicable to the peculiar facts involved therein the second provision of Section 58 of Act 64 of 1904, which Section reads:
"In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defences as if it were non-negotiable. But a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter."
In each of those cases the plaintiff, although acquiring after maturity, obtained the negotiable paper from a bona fide holder that had received it for value before maturity and without notice of equities existing between the maker and a former holder.
Those authorities are not applicable to the instant matter in view of the presence of a different factual situation. The plaintiff herein acquired the note after maturity direct from the original owner and holder who had granted the extension of time to exceptor. No intervening due course holder is involved.
Controlling of this case, we think, is the rule that a transferee of a negotiable instrument who obtains it after maturity from one who is not an innocent holder has no better title than his transferor and holds it subject to all equities and defenses available against the latter. 10 C.J.S., Bills and Notes, § 311; Amite Bank and Trust Company v. Standard Box and Veneer Company, Inc., et al., 177 La. 954, 149 So. 532, and authorities therein cited.
The extension instrument, therefore, is properly urged against this plaintiff, and by reason of it the suit was prematurely instituted.
When an action is premature it must be dismissed, reserving, however, to plaintiff the right to bring it in due time. Code of Practice, Article 158.
The judgment is affirmed.
DREW and TALIAFERRO, JJ., concur.