McBRIDE, Judge.
Plaintiff sued defendant for a balance of $783.99 due on a promissory note for $3,-406.34, with interest and attorney’s fees as stipulated. Defendant admits owing a past due balance of $516.68; he denies that the amount sued for is correct, contending that plaintiff “added” $267.31 to said balance. Defendant reconvened, alleging plaintiff is indebted unto him for $3,192, representing wages due him for certain services performed between November 24, 1950, to May 12, 1954, as plaintiff’s acting superintendent. Defendant pleads an offset against the balance of $516.68 due on the note, and prayed for a judgment in his favor against plaintiff for the difference of $2,675.32.
After the case was heard on its merits, plaintiff recovered judgment for $783.99, with percent interest thereon from November 9, 1955, until paid, plus 20 percent attorney’s fees; the reconventional demand was dismissed on the ground of prescription ; defendant appealed.
After carefully reading the record, our conclusion is that the balance due on the note is $516.68 as defendant contends. The note was dated September 26, 1952, and the agreement of the parties was that it was to be liquidated by plaintiff’s deducting from defendant’s salary the sum of $15.00 each week; subsequently plaintiff made another loan to defendant (not represented by a note) and the agreement as respects this indebtedness was that $10 additionally would be deducted each week from defendant’s wages. Plaintiff’s bookkeeper mingled the two accounts and entered as debits against defendant the principal amount of the note plus the amount of the second loan and credited defendant thereagainst with payroll deductions at the rate of $25 per week. When defendant severed his connections with plaintiff, the latter considered the debit in the account against defendant to be due on the note. This was incorrect as the $267.31 represented the balance on the second loan for which no note had been given.
Plaintiff is entitled to judgment for the $267.31 as well as for the balance on the note, because when evidence was adduced by plaintiff showing that defendant owed both amounts, no objection to such testimony was made by defendant’s counsel and the pleadings were thus enlarged so as to include defendant’s liability for the $267.-31 as an issue. Moreover, under Art. 2164, LSA-C.C.P., the appellate court shall render any judgment which is just, legal and proper upon the record on appeal.
Notwithstanding the record reveals defendant owes plaintiff $783.99, the judgment for said amount must be revised. The trial court allowed plaintiff to recover interest at the rate of 4i/(. percent per annum from November 9, 1955, plus 20 percent attorney’s fees on the whole amount, but such interest and attorney’s fees would only be due on $516.68, the balance on the note. We have no way of telling on what date the $267.31 due on the second loan matured or what the agreement for interest thereon was, so, therefore, interest on said amount should be at the legal rate from judicial demand.
Upon defendant’s endeavor to introduce evidence in support of his reconventional demand, plaintiff’s counsel made the following objection:
“I object to this, your Honor; this is a claim which he has in his answer for so many hours work for which he claims he was not reimbursed, and that goes on from 1948 through May 5, 1952, all of which is long since prescribed and forms no part of this case, which is a suit on a note.”
The trial judge ruled on the plea of prescription, thus:
“If it is a claim for hourly wages the Court will maintain the obj ection on the ground of prescription.”
Whereas, under Art. 329, Code of Practice (then prevailing) neither replication *153 nor rejoinder shall be admitted, all allegations in the answer were open to every objection of law and fact, such as prescription, as if specially pleaded, and defendant in reconvention had the right to object to the reconvenor’s evidence on such ground.
But, plaintiff did not properly plead prescription. Under the well-established jurisprudence of the State, it is not sufficient to plead a general prescription; a pleader must designate the particular prescription he relies on. In Succession of Drysdale, 130 La. 167, 57 So. 789, the Supreme Court said:
“A general plea of prescription is bad, and will not be noticed by the court. Gaines v. Succession of Del Campo, 30 La.Ann. [245,] 246, citing Blake v. Bredall, 15 La. 550, and Mansfield v. Doherty, 21 La.Ann. [395,] 396; Walker v. Simon, 21 La.Ann. 669, 671.”
This is because the plea of prescription is personal to the debtor and cannot be supplied by the court; in maintaining a general plea of prescription the court would in effect be supplying the applicable prescription.
However, the objection was good on another ground. Plaintiff and defendant are domiciled in the City of New Orleans. It will be noted in the objection that counsel pointed out to the court that defendant was asserting a claim in his answer for so many hours of wages for which he claimed he was not reimbursed “all of which is long since prescribed and forms no part of this caso, which is a suit on a note.”
C.P. art. 375 (then prevailing) in part provides:
“In order to entitle the defendant to institute a demand, in reconvention, it is required that such demand, though different from the main action, be, nevertheless, necessarily connected with and incidental to the same; * *
It appears clear that the objection to the testimony made on plaintiff’s behalf was not only to the effect that the claim was prescribed, but also was grounded on the fact that there was no connection between the main demand and the reconventional demand. Therefore, such objection is to be properly sustained as defendant’s demand was not attached to, and incidental to, or connected with or inseparable from the main demand.
Wherefore, the judgment appealed from is amended with respect to interest on the amount thereof so as to provide that plaintiff recover interest at the rate of 41/4 percent from November 9, 1955, until paid, plus 20 percent attorney’s fees on the sum of $516.68 and that there be legal interest from judicial demand until paid on the sum of $267.31, and as thus amended, and in all other respects, the judgment appealed from is affirmed; plaintiff-appellee is to pay the costs of this appeal.
Amended and affirmed.