PRICE, Judge.
This is an appeal from the decision of the trial court overruling a plea of prescription and sustaining a motion for summary judgment in an action brought by plaintiff to collect the balance due on a promissory note.
The First National Bank of Shreveport, as executor of the Succession of Maude McDonough Querbes, filed this suit on December 24, 1970, against Andrew Querbes, Jr., son of decedent, seeking judgment for $5,600.00 plus interest and attorney’s fees, as the balance allegedly due on a note in this amount executed by defendant to the order of decedent. This note, dated March 2, 1959 and due three years after date, described collateral as follows:
“This note is secured by one note from Interstate Electric Company to Andrew Querbes, Jr. due December 27, 1965, in the amount of $5,603.46, which note is presently in possession of the Commercial National Bank, Shreveport, Louisiana, for collection.”
Defendant filed an exception of no cause of action and a plea of prescription alleging the note showed on its face that it had prescribed. Defendant reiterated the plea of prescription in answer to plaintiff’s petition.
Plaintiff submitted a request for admission of facts to defendant in which he was requested to admit or deny that the above described collateral note of Interstate Electric was on March 2, 1959, held by the Commercial National Bank for collection and that this note remained with the bank for collection until its maturity date on December 27, 1965, at which time it was paid.
Defendant admitted the note was held by the Commercial National Bank for collection and was paid at maturity without the proceeds being applied to his note. He denied, however, that the Interstate Electric note was intended to be pledged to secure the note sued on.
In the same request for admission of facts, defendant was asked and admitted he had been appointed as agent and attorney in fact by his mother on September 9, 1966, to manage all of her affairs, and in the written power of attorney was granted among other powers that of collecting all monies owed to her by any persons.
Plaintiff filed a rule asking that a summary judgment be rendered on the ground the pleadings, note, admissions, and supporting affidavit attached thereto, show there is no genuine issue as to any material fact.
The annexed supporting affidavit was executed by a trust officer of The First National Bank having supervision over the decedent’s estate, who declared the note in question was listed as an asset of the estate, and when defendant was called upon to acknowledge the indebtedness to prevent the accrual of prescription his attorney advised he would not take any action which would acknowledge the note.
In opposition to the motion in the trial court, defendant urged that a material issue of fact exists as the note was prescribed on its face and plaintiff must bear the burden of proving as a fact prescription did not accrue. On this appeal defendant reiterates this position and contends the trial judge erred in granting the motion for summary judgment without sufficient evidence of an interruption of prescription.
Plaintiff contends the judgment appealed from should be affirmed for the following reasons:
(1) The plea of prescription filed by defendant is a general plea and does not specify the particular prescrip *125 tion relied upon which is contrary to the rules laid down in the cases of Succession of Drysdale, 57 So. 789, 130 La. 167, and O’Neil Co. v. Calhoun, [La.App.] 144 So.2d 151, and Article 927 of the La.C.C.P. For these reasons it is contended the plea of prescription should not be considered by the court, and as no other affirmative defense has been urged, the judgment in favor of plaintiff on the basis of the pleadings, admissions and supporting documents is proper.
(2) Plaintiff contends if the plea of prescription is even considered by the court, that the running of prescription was interrupted by the pledge of the note of Interstate Electric Company, which pledge was validly in effect until at least December 27, 1965, the date of payment of the note at Commercial National Bank, which is within five years of the filing of this action.
(3) Plaintiff further contends defendant is estopped from urging that the Interstate Electric note was not validly pledged to secure his note as this would be in contradiction of the terms of his own contract.
(4) Plaintiff also urges the fiduciary capacity created. by the acceptance of the power of attorney from his mother by defendant estopped him from asserting the note prescribed while he was in a position of trust and was under a duty to enforce collection of any matured obligation owing to his mother, and thus defendant should have at least acknowledged the obligation while in the position of trust to have prevented the running of prescription.
We have no quarrel with the argument of plaintiff that a plea of prescription should designate the particular prescription relied on as a bar to the action. To do otherwise would require the court to select the applicable prescription, thus placing the court in the position of supplying a defense which is under the law personal to the debtor. However, in the instant case we prefer to ground our decision on the second argument urged by plaintiff on this appeal, which is substantive rather than procedural. For this purpose we will assume the prescription pleaded by defendant as a bar to this suit is the prescription of five years liberandi causa which is made applicable to actions on promissory notes by the provisions of La.Civ.Code Article 3540.
Defendant admitted in his answers to the request for admissions of fact that the Interstate note was not extinguished until December 27, 1965 (the date of its payment at Commercial National Bank). Since this date was within five years of the date of the filing of the action (December 24, 1970) we must resolve the question of whether there was a valid pledge of the Interstate note. It is the settled jurisprudence of this state that so long as collateral security is held in pledge by the holder of a note, the running of prescription on the note is interrupted during the existence of the pledge. Reconstruction Finance Corporation v. Holloway (1938), 191 La. 583, 186 So. 35 and cases cited therein.
The sole argument of defendant that the collateral note of Interstate was not a pledge, is based on his contention that no delivery of the instrument allegedly pledged was made to decedent as required by La.Civ.Code Article 3152.
In support of its position that a valid pledge was effected, plaintiff cites and relies on the cases of Conger v. City of New Orleans, 32 La.Ann. 1250 and Scott v. Corkern, 231 La. 368, 91 So.2d 569, both Supreme Court decisions holding that possession of the instrument pledged is not absolutely essential to the validity of the pledge and the thing pledged may be held by a third party acting in the capacity of a trustee.
*126 We are of the opinion that these cases are controlling on this issue and applied to the facts of this case uphold plaintiff’s contention that a valid pledge existed until at least the date of payment of the Interstate note on December 27, 1965.
In the case of Conger v. City of New Orleans, supra, the court pointed out that the thing pledged may even in some cases remain in the possession of the debtor himself so long as his tenure be precarious and clearly for the account of the creditor.
In the Scott v. Corkern case, supra, the court held a pledge continued to exist even though the pledgor of insurance policies had unexplainedly come into possession of the policies which were found in his lock-box at the time of his death. The court treated the possession in the pledgor as one of a trustee pro hac vice for the account of the pledgee as during the time pledgor was in possession he took no action in regard to the pledged policies which was inconsistent with his pledge agreement.
We think this reasoning applies to the situation at hand. At the time of the execution of the note by defendant to his mother, the note of Interstate Electric Company intended to be used as collateral, by him, was not in his physical possession but was being held by Commercial National Bank for collection. By the terms of the collateral clause in the note sued on it can only be inferred that the defendant and decedent intended to continue the Commercial National Bank as the collecting agent for the Interstate note. Therefore, we are of the opinion this possession in the third party was for the benefit of the pledgee as well as the pledgor and prescription was interrupted until such time as the collateral note was paid (December 27, 1965) and the proceeds were not applied to the secured note.
Defendant has cited the case of Lake Providence Equipment Co. v. Tallulah Production Credit Association (1970), 257 La. 104, 241 So.2d 506, as authority for his contention that where a note is prescribed on its face the burden of proof that prescription has been interrupted rests on the creditor and proof must be clear and positive.
We do not find this case applicable to this situation as the note sued on contains the clause on its face describing collateral having a maturity date of within five years of the date this action was filed. Further, the admissions of defendant clearly establish the extinguishment of the collateral obligation by payment was not until the maturity date on December 27, 1965.
Therefore, the material facts necessary to a decision of this case are not in dispute and the sustaining of a motion for summary judgment awarding plaintiff judgment as prayed for was proper.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.