MARVIN, Judge.
Plaintiff appeals from the dismissal of his suit on a promissory note on an exception of liberative prescription. We affirm. C.C. Art. 3540.
The note, dated in 1966, was made by the decedent who died in 1974. Plaintiff filed suit on the note in 1975. Plaintiff testified that the decedent gave him in pledge a life insurance policy on decedent’s life which he held until a fire in plaintiff’s store destroyed the policy in 1968. The note shows that a life insurance policy was given as collateral security for the note.
Plaintiff contends the tolling of prescription is interrupted by the pledge even though the possession of the thing pledged does not remain in the possession of the pledgee, citing First National Bank of Shreveport v. Querbes, 253 So.2d 123 (La.App.2d Cir. 1971) and Scott v. Corkern, 231 La. 368, 91 So.2d 569 (1956).
The general rule is that prescription does not run in favor of a debtor whose debt is secured by a pledge, but is interrupted as long as the thing pledged is in actual or constructive possession of the pledgee. It is not the contract or act of pledge that interrupts prescription but rather the retention by the pledgee of the thing pledged which serves as a constant acknowledgement of the debt and renunciation of prescription. Reconstruction Finance Corp. v. Holloway, 191 La. 583, 186 So. 35 (1938); and Succession of Picard, 238 La. 455, 115 So.2d 817 (1959).
In First National Bank of Shreveport, the thing pledged was placed by the parties with a bank for collection and it was expressly recognized that the bank was acting as a trustee. Closer in point is Scott, the second case on which plaintiff relies. There, a life insurance policy was the thing pledged and the pledgee was the named *84 beneficiary of the policy. The policy unex-plainably was found in the pledgor’s lock-box after the pledgor’s death. The court emphasized that the debtor gave written directions to the insurer to make the creditor the beneficiary and to return the policy to a particular bank “with instructions to just hold in escrow as they have already been advised . . . ” Between the time of these instructions (1929) and the time of the debtor’s death (in 1953) the bank failed and went into receivership. In 1940, the bank’s records were lawfully destroyed or disposed of. The court said:
“ ‘Possession, though essential to the validity of the pledge, need not be always in the creditor. It is sufficient that the thing pledged be in the possession of one occupying ad hoc, the position of a trustee. The debtor himself may, in some cases, be considered as such trustee and be given possession of the thing by him pledged, provided his tenure be precarious and clearly for account of the creditor. The Louisiana doctrine is in perfect accord with both the common, the Roman and French laws.’ (Citing a long list of authorities and commentaries from various jurisdictions in suppor¿ of the statement).
“Thus, it is manifest that the mere circumstance that the pledged insurance policy was found in the possession of the pledgor does not justify the conclusion that the pledge was extinguished and, in the absence of any evidence showing that the parties intended that the pledge be terminated or even that the pledgor considered it terminated, it will be presumed that the possession of the pledgor was precarious or as an agent pro hac vice.” 91 So.2d 569, 572.
The court then held that the pledgor-debtor possessed the policy precariously and as trustee pro hac vice for the pledgee-creditor since he did not change the pledgee’s status as beneficiary of the policy or do anything else inconsistent with respect to the pledge during the years before his death. Because of these factors, the court held the running of prescription was continuously interrupted.
Such factors as were present in Scott, are not present here. The record is devoid of evidence showing since 1968 the reissuance of the policy with plaintiff as the named beneficiary, if indeed we assume the policy existed and plaintiff was in fact the named beneficiary on the policy before the fire. We have no policy shown to be in existence (whether in possession of the pledgee or in possession of another who holds for the pledgee) at the time of this litigation from which we can conclude continuous acknowledgement of the pledge and interruption of prescription.
C.C. Art. 3540 states that actions on promissory notes are prescribed by five years. Assuming the policy existed with plaintiff as the named beneficiary before the 1968 fire, does not avail plaintiff. Prescription would have been interrupted during the existence of the pledge but not after the thing pledged was destroyed. See Conger v. City of New Orleans, 32 La.Ann. 1250, 1253 (1880). Under the circumstances shown, the note sued on prescribed in 1973, five years after the 1968 fire, and this suit was not instituted until 1975.
At appellant’s cost, judgment is
AFFIRMED.