115 So.2d 817

**Succession of Achille I. PICARD.**

No. 43836.

Nov. 9, 1959.

Rehearing Denied Dec. 14, 1959.

James G. Schillin, New Orleans, for plaintiff and appellant.

Edward Rightor, Henry G. Neyrey, Jr., Solomon S. Goldman, New Orleans, for defendants and appellees.

HAWTHORNE, Justice.

Canal Assets, Inc., instituted this suit naming as defendants Henry M. Picard, testamentary executor of the succession of Achille I. Picard;[1] Mrs. Beatrix Bahn, widow of Achille Picard; and Leon P. Weil and Henry M. Picard, Jr., legatees. The primary purpose of this suit is to recover judgment in the total amount of a series of notes executed by the decedent.[2]

The three notes on which this suit was filed were executed by Achille I. Picard and made payable to the Canal Bank & Trust Co. One note is for the principal sum of $1,450, is dated December 30, 1929, and matured 90 days after date; another is for the principal sum of $1,800, is dated January 6, 1930, and matured 90 days after date, and the third is for the principal sum of $650, is dated February 3, 1930, and matured 30 days after date. Each of these notes is subject to certain credits representing payments made during the life of Picard, who died on July 26, 1955.

1. After the appeal was lodged in this court Henry M. Picard, testamentary executor, died, and Mrs. Beatrix B. Picard qualified as dative testamentary executrix of the succession, and as executrix she has by order of this court been made a party to these proceedings.

2. Plaintiff acquired the notes sued on in the liquidation proceedings of the Canal Bank & Trust Company.

Both the $1,450 note and the $1,800 note over the signature of Picard as maker contain the following provision:

"This note * * * and every other debt, liability or obligation, * * * due or to become due, whether now existing or hereafter arising, by the undersigned, * * * shall be secured by the pledge of the securities or property listed and described on the reverse hereof * * *."

On the back of the $1,450.00 note there appears:
"Secured by the following notes:—
"Note of Emyde Chauffe dated
    Parish of Iberville 1/11/24---$1800.00
"Note of Blaise Lassere dated
    Parish of Iberville 6/10/24--- 1000.00
"Note of Ahab Collins dated Parish of Iberville 9/3/25-------- 209.00"

On the back of the $1,800.00 note there appears:
"Secured by the following stocks:—
"65 shares—Picard Construction Co. Inc.
" 5  "  —Bank of Gonzales.
"10  "  —Insurance Securities Co. Inc."

The $650 note does not show a pledge of any specific property.

At his death Picard left a large estate, and petitioner as the holder of the notes timely filed its claim with the testamentary executor of Picard's succession. Notwithstanding the filing of this claim and without payment thereof, defendants caused an ex parte judgment to be rendered sending the widow and the legatees into possession of the decedent's estate.

To plaintiff's suit defendants pleaded the prescription of five years and in the alternative that the action was barred by plaintiff's laches. They contend also that there is no competent evidence that decedent pledged the notes of Chauffe and Lassere described on the reverse of the $1,450 note.

After trial on the merits the district court sustained defendants' plea of laches and dismissed plaintiff's suit. From this judgment it has appealed.

All of the notes and stocks which are described on the reverse of these notes, and which according to the face of the notes' were pledged to secure the payment of the principal obligation, are in the possession of the plaintiff with two exceptions. The Collins note had been paid and the proceeds credited to the Picard $1,450 note, and the five shares of Bank of Gonzales stock had been sold and the proceeds applied to the $1,800 note. The notes of Chauffe and Lassere pledged for the payment of the $1,450 note were secured by chattel mortgages, pledge of crops, and crop liens, and were payable to the order of their makers and by them endorsed in blank.

With reference to the $650 note dated February 3, 1930, appellees state in brief that this note had prescribed long before

decedent's death, and since this note does not describe any property as being pledged for its security, there is no need of discussing it further. Appellees overlook the fact that this note was given after the $1,450 and $1,800 notes, each of which contains the provision over the deceased's signature that "This note * * * and every other debt, liability or obligation, * * * due or to become due, whether now existing or hereafter arising, by the undersigned, * * * shall be secured by the pledge of the securities or property listed and described on the reverse hereof * * *".

▮ The law of this state is clear "that prescription does not run in favor of the debtor whose debt is secured by a pledge, and that it remains interrupted, as long as the thing pledged is in the possession of the pledgee", and that "it is not the contract or act of pledge that interrupts prescription but rather the detention by the pledgee of the thing pledged, such possession serving as a constant acknowledgment of the debt and hence a constant renunciation of prescription". Scott v. Corkern, 231 La. 368, 91 So.2d 569, 572, and numerous authorities cited therein.

This principle of law is recognized by defendants-appellees, but it is their contention that it is without application here because all of the pledged property still in the possession of the plaintiff-appellant was without value. In this connection they al-lege that the pledged notes of Chauffe and Lassere show that on the date they were pledged they had prescribed on their face and therefore had no value; that the shares of stock of Insurance Securities Company, Inc., were likewise valueless at the time they were pledged as that corporation had previously gone into receivership, and that the shares of stock of the Picard Construction Company were also without value as that company went into receivership in 1937. Appellees argue that the above principle of law is applicable only where the debtor consents for the creditor to hold as a pledge something of value owned by the debtor.

▮▮ The pledge is a contract by which a debtor gives something to a creditor as security for his debt. La.Civ.Code Art. 3133. In the instant case the things remaining in the hands of the pledgee were promissory notes and shares of stock in corporations. None of these things had been lost or destroyed and all were still in the possession of the creditor, whose obligation as creditor still continues to return the pledged things or to answer for loss or damage to them resulting from its fault.

▮ As stated in Scott v. Corkern, supra, it is the detention by the pledgee of the things pledged which serves as a continuing acknowledgment of the debt and a constant renunciation of prescription. It is not the detention of a thing *of value* by the

pledgee which serves as a constant acknowledgment of the debt and hence a constant renunciation of prescription. Regardless of the value of the thing pledged, the obligation of the pledgee to return the property continues. Counsel's argument, in effect, is that because the things pledged were without value at the time they were pledged or subsequently became valueless, the pledge was extinguished notwithstanding the fact that the pledgee still detained the things pledged. Under the well settled law the detention or possession is the factor which serves as a constant acknowledgment of the debt.

Defendants' plea of laches, which was sustained by the trial judge, is based on the fact that plaintiff waited many years after the maturity of the notes and until after the death of Picard, the maker, to institute this suit for their collection.

■■ The plea of laches or estoppel is an equitable plea, and under the laws of this state equity avails only where the express law is silent. La.Civ.Code Art. 21. Under the express law plaintiff here could not recover in the event the prescription of five years had accrued. Under the express law of prescription the plaintiff has a fixed time in which he may exercise his rights, and mere silence or inaction without the running of prescription cannot serve as a basis of the equitable plea of laches or estoppel.

See Rawlings v. Stokes, 194 La. 206, 193 So. 589.

Accordingly the trial judge improperly sustained the plea of laches.

■ Defendants-appellees contend in this court for the first time that there is no competent evidence that the deceased maker of the notes here sued· on pledged the notes of Chauffe and Lassere. They call our attention to Article 2278 of our Civil Code, which provides that parol evidence shall not be received to prove any acknowledgment or promise of a party deceased to pay any debt or liability in order to take such debt out of prescription or revive such debt after prescription has run or been completed. They argue that there is no written evidence that decedent owned and pledged these notes as collateral security for the $1,450 note, and that there is no written evidence that he consented to the pledgee's retaining the pledged notes. Stated somewhat differently, their contention is that the evidence of the pledge and the consent to the pledgee's retaining the notes pledged cannot be proved by parol evidence.

Notwithstanding what counsel may argue, there is written evidence of the pledge of the two notes in question. As pointed out in the beginning of this opinion, over Picard's signature as maker of the note there is found the express provision:

"This note * * * and every other debt, liability or obligation, * * * due or to become due, whether now existing or hereafter arising, by the undersigned, * * * shall be secured by the pledge of the securities or property listed and described on the reverse hereof * * *."

On the back of the $1,450 note the Chauffe and Lassere notes are listed as two of the collateral notes securing the payment of the principal obligation. This is certainly written evidence of the pledge of these two notes. .

With reference to the defendants' contention that there is no written evidence that decedent consented to plaintiff's retaining the pledged notes, we must bear in mind that at the time the instant suit was instituted plaintiff was in possession of these notes and actually offered and filed them in evidence. Thus in this case we have written evidence of the pledge of these two instruments coupled with their possession by the pledgee. The pledge on the face of the note above decedent's signature is written evidence of his consent to the pledging of the property listed on the reverse of the note and to the right of possession of this property by the pledgee.

In the instant case the written pledge of the deceased debtor carried with it under the law the right of possession by the creditor of the pledged property, and being in possession by virtue of such a written

pledge, the creditor could be compelled to return such pledged property only when it had received the whole payment of the principal as well as the interest and costs. La.Civ.Code Art. 3164. Since the creditor had the right of possession and had the pledged property actually in its possession at the time it sought to enforce the obligation, no proof of continuing consent on the part of the deceased debtor is required.

Appellees argue that the case of Waterman v. Dupeire, 180 La. 320, 156 So. 405, is squarely in point and supports their position. We do not agree. That case is factually different from this in one important particular: There there was no written pledge by the deceased debtor.

For the reasons assigned the judgment appealed from is reversed, annulled, and set aside. It is now ordered that plaintiff, Canal Assets, Inc., have judgment against the defendant testamentary executrix in the full sum of $3,900 with interest at the rate of 8 per cent from March 31, 1930, on $1,450, with interest at the rate of 8 per cent from April 7, 1930, on $1,800, and with interest at the rate of 8 per cent from March 5, 1930, on $650, all until paid, together with an additional amount of 10 per cent on the aggregate of principal and interest as attorney's fees, all subject to credit for the amount of payments made on said indebtedness as set forth in plaintiff's petition. It is further ordered that plaintiff have judgment in its favor, and

against Mrs. Beatrix B. Picard as testamentary executrix and surviving widow in community, Leon P. Weil, and Henry M. Picard, Jr., annulling and setting aside the ex parte judgment of possession dated October 26, 1956, and ordering the testamentary executrix to recognize and place on her final account the full amount of petitioner's claim herein. Defendants-appellees are to pay all costs.

HAMLIN, J., recused.

115 So.2d 821