327 So.2d 698 (1976)
STATE of Louisiana ex rel. William J. GUSTE, Jr., Attorney General
v.
The ESTATE of Numa Paul HIMBERT et al.
No. 10524.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
Rehearing Denied March 1, 1976.
Writs Refused April 13, 1976.
William J. Guste, Jr., Atty. Gen., and Willie D. Maynor, Asst. Atty. Gen., Baton Rouge, for appellant.
Neil H. Mixon, Baton Rouge, for defendants Numa Paul Himbert, Adelheid Schluter Himbert and Jane Himbert Nehrbass.
Ralph Brewer, Baton Rouge, for Exceptors Steven Wayne Ard, Ronald Stanley Ard, Melanie Mae Ard and Philip Fishburn Ard.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
ELLIS, Judge.
This is a suit by the State of Louisiana against the heirs of Numa Paul Himbert, seeking to recover $94,840.00 which was allegedly wrongfully obtained by Mr. Himbert during his tenure as Auditor of the State Department of Highways. Many exceptions were filed by the defendants, including an "Exception of Laches". All exceptions were overruled except the "Exception of Laches", which was maintained, and plaintiff's suit was dismissed. From the judgment of dismissal, plaintiff has appealed.
We are not called on to review the ruling of the district court in overruling the various other exceptions and motions for summary judgment, since such rulings are interlocutory in nature. Further, none of the defendants have attempted to appeal or ask for review thereof by writ.
In the judgment of dismissal, the trial judge stated that he "referred to the entire record in this proceeding, insofar as a statement of facts is concerned . . ." *699 From the same source, we find the following facts:
Numa Paul Himbert was Auditor of the Louisiana Department of Highways from January 2, 1942, through February 16, 1965. It is alleged that, during the period from June 1, 1960, to March 1, 1966, he conspired with Ezekiel W. Gravolet, Jr. and Christian Faser, Jr. to devise a scheme to defraud the State of Louisiana for private financial gain.
Under that scheme, Mr. Gravolet, then a State Senator, entered into a contract of employment with the First National Bank of Jefferson Parish to solicit depositors for the Bank. For this service, he was to receive payments not to exceed one per cent of the average monthly balance of such deposits. Thereafter, pursuant to a directive from Mr. Faser, then Executive Secretary to the Governor, Mr. Himbert, in his official capacity, transferred various Highway Department funds to the First National Bank, which were deposited in non-interest bearing accounts. Eventually, these funds totalled $23,000,000.00.
Payments of $491,033.38 were made to Mr. Gravolet, and were deposited in the accounts of three public relations corporations set up by him. From the accounts of these corporations, payments totalling $94,480.00 were made to Mr. and Mrs. Himbert.
The record does not reveal when these matters came to light, but it was some time prior to Mr. Himbert's death on January 26, 1970. Federal criminal charges were brought against Mr. Faser in 1969, but were dismissed in June, 1970. The Department of Highways entered into a compromise settlement with the First National Bank on April 27, 1972, as a result of which about $200,000.00 was paid to the Department. This suit was filed on February 12, 1973.
The Exception of Laches is based on the proposition that the State has delayed for too long a time in bringing this suit, and that, because of the deaths of two of the principal parties, and the passage of time, it is now impossible for any kind of a defense to be prepared by these defendants.
Laches is a common law equitable doctrine which is without any statutory or codal basis in our law. It has, to a limited extent, been jurisprudentially introduced into our law, and that jurisprudence is somewhat confused.
In its application, however, it has never been held to supersede in any way our own codal provisions relative to prescription. It has been stated to be an evidentiary rule, to be applied only after trial on the merits, in weighing the effect of delay on the evidence presented. See Munson v. Martin, 249 La. 925, 192 So.2d 126 (1966) in which it was said:
"Likewise the plea of estoppel based on laches is without substance. Initially, we point out that such a plea, predicated on lapse of time along, is inapplicable where a person is given a specific time within which to enforce a legal claim (as here). Thus, in Labarre et al. v. Rateau et al., 210 La. 34, 26 So.2d 279 we pointed out that ` * * * While delay in enforcing a right is an element of laches, such delay does not of itself constitute laches. The defeating of a claim by lapse of time alone comes within the province of prescription or limitations. * * *'"
See also Succession of Picard, 238 La. 455, 115 So.2d 817, 820 (1959).
Our examination of the record in this case leads us to conclude that the cause of action arising from the facts pleaded is one in quasi-contract. If an obligation exists in this case, it must arise from the enrichment of Mr. Himbert at the expense of his employer, the State of Louisiana. The actions de in rem verso and condictio indebiti have been characterized as actions in quasi contract, subject to the liberative prescription of ten years. Articles 21, 1965, 2292, 2301, 2311, Civil Code; Minyard v. Curtis Products, Inc., *700 251 La. 624, 205 So.2d 422 (1967); Actio de in Rem Verso in Louisiana: Minyard v. Curtis Products, Inc., 43 Tul.L.Rev. 263 (1969).
We therefore hold that, since there is a specific prescriptive period applicable to the cause of action herein, the plea of laches is not available to defendants as a means for dismissal of plaintiff's suit.
The judgment appealed from is reversed and set aside, and the case is remanded to the trial court for trial on the merits in accordance with law. All costs of this appeal are to be paid by defendants. All other costs shall await the final disposition of this matter on its merits.
Reversed and remanded.