SHORTESS, Judge.
On June 3, 1963, William C. Huls and Albin P. Scott (defendants) executed a promissory note, payable on demand, in the amount of $25,000.00, to Weldon Allen (plaintiff), in return for a loan of that amount. A letter to plaintiff from Scott of even date reads in part:
As per our conversation of Sunday, June 2, 1963, enclosed please find the following:
a) Demand note, dated June 3,1963, in amount of $25,000.00, bearing she percent interest, executed by Albin P. Scott and William C. Huls. It is understood that this note, although “demand,” shall be for a period of 90 days, and in the event an extension is required therefor, an option covering 5,000 shares of Blue Sewanee Development Corporation stock shall be granted to you, under the same terms and conditions as outlined below:
b) A 25,000 share certificate of Blue Sewanee Development Corporation stock [in the name of Charles R. Uns- *189 worth], to be held by you as collateral for the enclosed note;
It is understood that for the granting of this loan, you shall have the option to purchase 25,000 shares of Blue Sewanee Development Corporation stock at a price of 1$ per share.
The last payment on the note was made in 1980. These proceedings were commenced in March of 1986. Under the terms of LSA-C.C. art. 3498 the note is subject to a liberative prescription of five years. Defendants excepted to the suit on this basis. The trial court sustained the exception, and plaintiff has brought this appeal.
Plaintiff contends that the pledge of the stock operated as a continuous interruption of prescription. Defendants contend that the stock was not pledged but rather given as incentive for the loan. There is some discrepancy as to whether the stock was actually enclosed in the June 3rd letter. Additionally, defendants testified that a later assignment by Charles Unsworth, in whose name the stock was issued, effected a transfer of the stock to plaintiff and was not given as collateral security. This is not consistent with the language of the June 3, 1963, letter indicating that the stock was to be held as collateral. Plaintiff testified that he has continuously possessed the stock certificate, and has at all times considered the stock to be security for the loan. Unsworth was unavailable to testify.
The trial court found that plaintiff failed to prove that defendants pledged Uns-worth’s stock and, further, the Court finds that it is just as probable, and there was some evidence presented by the plaintiff himself, that Mr. Uns-worth pledged the stock of his own accord.
This Court’s assessment of the rationale for the jurisprudential rule of “constant acknowledgment” does not compel it to apply the rule under circumstances where a third party pledges property to secure the debt of another.
These findings are internally inconsistent and clearly wrong. The obligation of pledge is dependent upon the existence of a principal obligation. LSA-C.C. art. 3136. A third party may give[1] a pledge for the debt of another. LSA-C.C. art. 3141. The debtor may pledge the property of another, provided the owner consents. LSA-C.C. art. 3145. Defendants are the debtors on the principal obligation — the promissory note — in the facts at bar. The trial court’s characterization of Unsworth’s having “pledged” the stock is incorrect. The debt was not his. The trial court appears to have attempted to articulate a finding that Unsworth rather than defendants delivered the stock. The contract of pledge, nevertheless, exists between the debtor and the creditor.
Turning now to the trial court’s conclusion that the giving in pledge for the debt of another conveys something less than the full attributes of pledge, we note that it is an advantage distinct and fundamental to the auxiliary obligation of pledge that prescription does not run in favor of the debt- or because the detention of the pledge operates as a constant acknowledgment of the debt. Kaplan v. University Lake Corporation, 381 So.2d 385 (La.1980). Commentary suggests that the detention of the pledge must interrupt prescription because the creditor assumes that it is the debtor’s acknowledgment of the debt, not an oversight, keeping him from seeking the return of the thing pledged, and, therefore, the creditor does not act further to preserve his right. 28 G. Baudry-Lacantiner & A. Tissier, Traite Theorique et Pratique de Droit Civil § 528 (4th ed. 1924) (La.St.L. Inst, trans. 1972); see also 2 M. Plainol. Traite Elementaire de Droit Civil § 2462 (11 ed. 1939) (La.St.L.Inst. trans. 1959). The focus of the doctrine, thus, is the creditor's justifiable reliance that he need do *190 nothing further to interrupt prescription but continue to hold the pledge. This is consistent with the recognition that the thing pledged serves as a constant acknowledgment regardless of its value. Succession of Picard, 238 La. 455, 115 So.2d 817 (1959). Because the obligation of pledge exists between the creditor and debtor, without regard to the identity of the party who delivered the thing pledged, the acknowledgment, likewise, of the debt exists regardless.
For the reasons expressed hereinabove, the judgment of the trial court is reversed at defendants’ costs. This matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. LSA-C.C. art. 3141 reads in its entirety, "A person may give a pledge, not only for his own debt, but for that of another also.” The word "give” in this article is an important distinction from the language in LSA-C.C. art. 3145, which reads, "One person may pledge the property of another, provided it be with the express or tacit consent of the owner." In both situations the contract of pledge exists between creditor and debtor, whether debtor pledges the property of another with consent, or whether the third party delivers the property himself.