THOMAS F. DALEY, Judge.
pin this suit to enforce three promissory notes, Gulf National, L.L.C., appeals a judgment granting defendant, Alfortish, Inc.’s, Exception of Prescription. The central question in this appeal is whether prescription runs in favor of a debtor whose debt is secured by a pledge. Finding that Louisiana law answers this question in the negative, we reverse and remand.
Alfortish, Inc. (hereinafter referred to as Alfortish), the primary defendant in this matter, executed three promissory notes in favor of Hibernia National Bank: the first, dated May 3, 1990, in the principal amount of $48,010.85; the second, dated May 3, 1990, in the principal amount of $30,030.00; and the third, dated February 15, 1989, in the principal amount of $16,851.38. In conjunction with the May 3, 1990 loans, Alfortish executed, in addition to the hand notes, a collateral mortgage note, a collateral mortgage, and a “Pledge of Collateral Mortgage Note.” The collateral mortgage note was paraphed for identification with an act of collateral mortgage dated May 3, 1990, encumbering certain property owned by Alfortish in Jefferson Parish. Co-defendant, Reuben P. Alfortish (hereinafter | ?,“Reuben”), executed in favor of Hibernia a continuing guaranty of all of the obligations of Alfortish.

PROCEDURAL HISTORY

When the notes went into default, Hibernia filed a Petition for Executory Process against Alfortish, and named as defendants Reuben and other guarantors of the loans.[1] The original promissory notes and collateral mortgage note were attached as exhibits to the Petition. The original Petition for Executory Process was supplemented on July 23, 1997, by a supplemental petition that converted the executory proceeding into an ordinary proceeding. Thereafter, judgment by default was rendered against three of the guarantors of the loans, but no judgment was ever rendered against Alfortish or Reuben. There was no action taken against either Alfortish or Reuben for a period of more than three years, and as to them, that action was dismissed, by operation of law, as abandoned, pursuant to LSA-C.C.P. art. 561.
On September 27, 2002, Hibernia sold all three notes to Gulf National, and transferred to Gulf National all of its rights in the collateral securing the loans, and in the judgment taken against the three guarantors. On October 21, 2004, Gulf National filed a motion to have itself substituted as party plaintiff in the Hibernia suit, and it filed a motion to withdraw from the record the three original promissory notes and the collateral mortgage note, noting that it wished to file a different law suit to en *678 force the same. The court granted both motions on October 28, 2004.
On November 4, 2004, Gulf National filed this suit against Alfortish. Initially, the suit sought judgment on the notes, and sought to enforce the pledge of the collateral mortgage note and collateral mortgage by ordinary process. Prior to 14service of process on Alfortish, Gulf National filed a Supplemental and Amending Petition that added Reuben as a defendant, and deleted any attempt to enforce the collateral mortgage note or the collateral mortgage. The supplemental petition did specifically plead the constant acknowl-edgement rule of Scott v. Corkern, 231 La. 368, 91 So.2d 569 (1956), Succession of Picard, 234 La. 455, 115 So.2d 817 (1959), and Kaplan v. University Lake Corp., 381 So.2d 385 (La.1979), referencing the pledge of the collateral mortgage note to Hibernia.
Both defendants filed an Exception of Lis Pendens, noting that the original suit (No. 482,176) was still pending. At a hearing, however, it was noted that as to Al-fortish and Reuben, the lawsuit was dismissed without prejudice as having been abandoned. The Exception of Lis Pen-dens was therefore overruled, and judgment was entered accordingly on May 31, 2005.
The defendants filed an Exception of Prescription, arguing that the three promissory notes had prescribed.[2] Gulf National argued the constant acknowledgement rule of the security device of pledge. At the hearing on June 24, 2005, the trial court ruled in favor of defendants, stating:
The Court is not persuaded that the mechanism here, the pledge, has as one of it’s [sic] qualities an in perpetuity characteristic, that is to say it can run in perpetuity until the person holding the pledge decides to release it. I don’t think that’s what’s intended or was intended. Your exception is granted. Thereafter, Gulf National perfected this appeal.

ANALYSIS

Pledge is a security device whereby the debtor gives something to the creditor as security for his debt. LSA-C.C. art. 3133.
[/The law of this state is clear that ‘prescription does not run in favor of the debtor whose debt is secured by a pledge, and that it remains interrupted, as long as the thing pledged is in possession of the pledgee,’ and that ‘it is not the contract or act of pledge that interrupts prescription but rather the detention by the pledgee of the thing pledged, such possession serving as a constant acknowl-edgement of the debt and hence a constant renunciation of prescription.’ Succession of Picard, 238 La. 455, 115 So.2d 817 (La. 1959), citing Scott v. Corkern, 231 La. 368, 91 So.2d 569 (La.1956). See also Gulf Coast Bank & Trust Co. v. Donnaud’s Inc., 99-1228 (La.App. 5 Cir. 4/25/00), 759 So.2d 268.
It is not essential to the validity of the pledge that physical possession of the thing pledged be in the creditor himself; it is sufficient that it be in someone who holds on behalf of the creditor. Scott v. Corkern, 91 So.2d at 572.
Gulf National’s predecessor in interest in the notes, Hibernia, held physical possession of the pledged collateral mortgage note until the time Hibernia sued Alfortish and other defendants to collect the underlying debt. When Hibernia filed suit, it attached the notes and the collater *679 al mortgage note to the Petition, and they were held by the Clerk of Court until the time that Gulf National, Hibernia’s assign-ee and successor in interest to the notes and pledge, who had been substituted for Hibernia as plaintiff, moved to withdraw them from the first suit so as to pursue enforcement of the debt in a second suit. Clearly, the Clerk of Court held the pledged item, the collateral mortgage note, on behalf of Hibernia and Gulf National, maintaining the pledge.
It is equally clear that since the creditor and then its assignee have had constant physical possession and then constructive possession, through the Clerk of Court, of the collateral mortgage note, prescription of the underlying debt remains | (¡interrupted. The trial court clearly erred in maintaining the defendants’ Exception of Prescription.
The trial court stated its disagreement with the idea that the pledge had a characteristic of “perpetuity until the person holding the pledge decides to release it.” The creditor does not have unfettered discretion to retain the pledged item. The creditor is bound to return the pledged item to the debtor upon the whole payment of the underlying debt and any interest and costs. LSA-C.C. art. 3164. According to the pleadings, that event has not occurred in this case.
Though not addressed by the court in its reasons for ruling, counsel for defendants argued that pledge is a contract; consent is necessary for a contract; and that once Hibernia sued defendants for enforcement of the debt, the relationship between pled-gor and pledgee changed into one of plaintiff and defendant and thus consent to the contract of pledge was vitiated and the security device was voided. There is no support for such a position in Louisiana law. Under such reasoning, any time a creditor sued to enforce a debt secured by a pledge, that security device would evaporate. The jurisprudence is full of reported cases of creditors suing to collect debts secured by pledges and no such result obtains. Further, as Succession of Picard points out, it is not the contract of pledge that interrupts prescription, but the creditor’s physical detention of the thing pledged that serves as a constant acknowl-edgement of the debt and hence interrupts prescription of the debt.
Accordingly, the trial court clearly erred, as a matter of law, in maintaining defendant’s Exception of Prescription. The judgment is reversed and the matter remanded for further proceedings. Costs of appeal are taxed to appellee.

REVERSED AND REMANDED

. The Petition was filed in the 24th JDC and bears case No. 482,176.

. The parties do not dispute the fact that the filing of the first lawsuit is not considered to have interrupted prescription, since it was abandoned, as per LSA-C.C. art. 3463.