LOLLEY, J.
hThe City of,Shreveport appeals a judgment, by the Firsj; Judicial District, Parish of Caddo, State of Louisiana, in favor of Alice Black, in connection with an exception of, prescription initially filed by inter-venor. Winter Garden Townhomes Association, . Inc. For the following reasons, we affirm the trial court’s judgment.
Facts
On February 10, 2015, the City of Shreveport (the “City”) filed a petition to enforce. security interest by ordinary process in connection with a collateral mortgage and corresponding note. The City alleged that on June .28, 1993, Alice Black .executed a bearer note in the amount of $40,000.00 due on demand, and the note was paraphed for identification with an act of collateral mortgage of the same date in favor of Neighborhood Housing Services of Shreveport, Inc. The property mortgaged was located in the Winter Garden Town-homes Subdivision at 964 Winter Garden, No. 21 in Shreveport, Louisiana. The note and collateral mortgage were ultimately assigned to the City via a notarial endorsement and assignment of mortgage note on June 1,1994 (the “assignment”).
■ The City further alleged that Black had not made a payment on the note since December 18, 2001, and she was in default. The City claimed, as a result, the note was due and payable in the amount of $27,363.25, together with accrued interest in the amount of $13,259.77, attorney fees, and costs. The City also asked that the collateral mortgage be recognized and enforced |?,pursuant to its terms. Copies of the collateral mortgage and assignment were attached to the petition as exhibits. The City has not produced a copy of a collateral, mortgage note, hand , note or pledge agreement.
*1134 The City was unable to make service on Black, and a curator ad hoc was appointed by the tidal court. A general denial was filed on Black’s behalf. Subsequently, Winter Garden Townhomes Association, Inc. (“Winter Garden”) filed a motion to intervene claiming it had two recorded outstanding liens against the property: one for $2,273.55 and the other for $15,844.92. Winter Garden also filed a peremptory exception of prescription, arguing that the City’s claims against Black should be dismissed with prejudice, because they were barred by the five-year prescriptive period set forth in La. C.C. art. 3498. The City opposed Winter Garden’s attempt to intervene in the matter. At the hearing on Winter Garden’s exception, Black’s curator/attorney adopted Winter Garden’s exception of prescription. The trial court determined it had no need to rule on whether Winter Garden had standing to intervene and make an exception, considering that Black’s attorney adopted the exception. The parties’ exception was granted, dismissing with prejudice the City’s claims against Black as prescribed. This appeal ensued.
Discussion
On appeal, the City brings one assignment of error, arguing that the trial court erred in finding that the collateral mortgage was extinguished by prescription, and in so doing, deprived the City of its right to enforce its security interest. The City relies on La. R.S. 9:5807, which states:
13A payment by a debtor of interest or principal of an obligation shall constitute an acknowledgment of all other obligations including promissory notes of such debtor or his codebtors in solido pledged by the debtor or his codebtors in solido to secure the obligation as to which payment is made. In all cases the party claiming an interruption of prescription of such pledged obligation including a promissory note as a result of such acknowledgment shall have the burden of proving all of the elements necessary to establish the same. For purposes of this Section, a “pledged obligation” shall include any obligation, including a promissory note, in which a security interest has been granted under Chapter 9 of the Louisiana Commercial Laws or the corresponding provisions of the Uniform Commercial Code as adopted in any other state, to the extent applicable. (Emphasis added).
The City maintains that the Louisiana Legislature’s intent in enacting this article was to protect collateral mortgages against prescription. According to the City, even one mortgage payment would serve as an acknowledgment and would interrupt prescription. The City acknowledges in brief, “So long as the creditor who received partial payment holds the ne varietur note, prescription is interrupted.”
Black and Winter Garden (“appellees”) argue that Black made her last payment in December 2001, clearly more than five years prior to the filing of the petition, and the note has prescribed on its face as provided in La. C.C. art. 3498. According to the appellees, even if Black’s payments interrupted prescription, her last payment was December 18, 2001, and applying the five-year prescriptive period provided in art. 3498, the note prescribed on December 17, 2006-five years from the date of her last payment. We agree.
A collateral mortgage is a form of conventional mortgage which developed in Louisiana’s jurisprudence through the recognition that one can |4pledge a note secured by a mortgage to secure another debt. First Guaranty Bank v. Alford, 366 So.2d 1299 (La.1978). The collateral mortgage consists of three documents: (1) a promissory note, referred to also as a col *1135 lateral mortgage note or a ne varietur note; (2) an act of mortgage, also referred to as the collateral mortgage, which secures the collateral mortgage note; and (3) an indebtedness evidenced by a promissory note, also referred to as the hand note, for which the collateral mortgage note is pledged as security. First Guaranty Bank, supra; McGill v. Thigpen, 34,386 (La.App.2d Cir.02/28/01), 780 So.2d 1224, 1227. No money is directly advanced on the collateral mortgage note which is par-aphed to identify it with the act of mortgage. Instead, the collateral mortgage note and the mortgage securing it are pledged to secure a debt evidenced by the hand note. First Guaranty Bank, supra; McGill, supra. Since the collateral mortgage note is a promissory note, it is subject tó a prescriptive period of five years as provided in La. C.C. art. 3498.
Louisiana C.C. art. 3498 states, “Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible.” A collateral mortgage note, which is payable on demand, prescribes five years from the date of its execution unless prescription is interrupted by acknowledgment or by partial payment on the indebtedness it secures. 1 La. Prac. Real Est. § 14:18 (2d ed.), citing, Kaplan v. University Lake Corp., 381 So.2d 385 (La.1979). The party pleading the peremptory exception of prescription bears Rthe burden of proof. However, where the plaintiffs cause of action is prescribed on the face of the petition, the plaintiff bears the burden of rebutting the plea of prescription. McGill, supra.
In the instant case, the City’s cause of action appears to be prescribed on the face of its petition. Accordingly, it was the City’s burden to overcome the plea of prescription, which the City has failed to do. Initially, we agree . with the . City that Black’s payments acted as an acknowledgment of the debt and served to interrupt prescription pursuant to La. R.S. 9:5807. The statute provides that a payment of principal or interest on the hand note operates to interrupt the five-year prescription not only on that note, but also on any promissory notes pledged by the debtor to secure the obligation as to which payment is made. Had the City’s petition been filed within five years of Black’s last payment, there might not be an issué. However, the prescription period commenced to run from the day the last payment was exigible pursuant with La. C.C. art. 3498. Acknowledgment of a debt or obligation interrupts prescription and erases the time that has accrued,' with prescription commencing anew froni the date of interruption. Lucky Coin Mach. Co. v. J.O.D., Inc., 14-562 (La.App. 5th Cir.12/23/14), 166 So.3d 998, 1001; see also Sec. Nat. Partners, Ltd. P’ship v. Baxley, 37,747 (La. App.2d Cir.10/29/03), 859 So.2d 890, 895-96, where the last payments on a note occurred within five years of the date of filing of the lawsuit, the note had not prescribed.- Thus, although any payment made by Black served to | (¡interrupt prescription as to a hand note and/or collateral mortgage note, when Black made her last payment on December 18, 2001, prescription began to run anew.
On appeal, the City argues that prescription does not run in favor of a debtor whose debt is secured by a pledge as long as the thing pledged remains in the possession of the pledge. Although not cited by the City, we note that this principle was recently discussed by this court in CadleRock Joint Ventures Co., Inc. v. J. Graves Scaffolding Co., Inc., 49,475 (La. App.2d Cir.11/19/14), 152 So.3d 1079, 1083, writ denied, 2014-2663 (La.04/02/15), 194 So.3d 589. This principle, known as the constant acknowledgment rule, holds that *1136 it ½ not the act of pledging that interrupts prescription; rather, it is the retention by the pledgee of the thing pledged that serves as constant acknowledgment of the debt and renunciation of prescription. Kaplan, supra; CadleRock, supra; McGill, supra. Even when the notó pledged to secure another note has prescribed, the pledgee’s retention of the prescribed promissory note still interrupts prescription on the primary debt. CadleRock, supra. This case is completely different than CadleRock. Here, there was no allegation that the collateral mortgage note had been pledged or it remained in the possession of the City. We find no evidence of any written acknowledgment of the collateral mortgage note that would have interrupted the running of the prescriptive period. Further, the only documents attached to the City’s petition were a copy of the collateral mortgage and the assignment, recorded in the mortgage records of Caddo Parish. The City did not produce any |7notes or other documents. So considering, and also by virtue of the fact that the City concedes that no payments were made by Black after December 2001, any claims by the City had clearly prescribed when the lawsuit was filed in February 2015. The trial court’s judgment was not in error, and the City’s claims were properly dismissed.
Conclusion
For the foregoing reasons, the judgment of the trial court in favor of Alice Black and against the City of Shreveport is affirmed. The appellate court costs in the amount of $656.50-are to be paid by the City of Shreveport in accord with La. R.S. 13:5112.
AFFIRMED.