NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**20-231**

**NANCY ESTRADA**

**VERSUS**

**SHAWN PETER HULIN**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 88398
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Paul J. deMahy**
**Thompson Law Office**
**2901 Johnston Street, Suite 301**
**Lafayette, LA   70503**
**(337) 534-8761**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Shawn Peter Hulin**

**Ramon J. Fonseca, Jr.**
**Fonseca & Associates, LLC**
**921 Kaliste Saloom Road**
**Lafayette, LA   70508**
**(337) 456-1163**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Nancy Estrada**

**PERRET, Judge.**

This appeal challenges the trial court's determination that prescription has run on Appellant's action to collect a loan of money secured by a collateral mortgage note and a collateral mortgage. After review, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL HISTORY:

Appellant, Nancy Estrada, filed a Petition on Promissory Note and for Recognition of Mortgage alleging that Appellee, Shawn Peter Hulin, was indebted to her for a loan of money. In her amending petition, Appellant alleged that Mr. Gerald Hulin loaned Appellee $60,000.00 plus eight percent interest per annum.[1] To secure the loan, Appellee executed a collateral mortgage note on December 5, 2011, entitled "Promissory Note," in the amount of $60,000.00 plus eight percent interest per annum payable to Bearer on demand and paraphed for identification with an act of collateral mortgage. The note was later secured by a "Collateral Mortgage" dated May 10, 2012.

On June 8, 2016, Mr. Gerald Hulin assigned "all interests and rights under this Promissory Note and Collateral Mortgage which were formerly owned by Bearer/Gerald Hulin" to Appellant. The assignment is entitled "Notice of Assignment of Promissory Note, and Collateral Mortgage" signed by Gerald Hulin and notarized. The "Promissory Note" and "Collateral Mortgage" referenced in the assignment were identified by date and signor. Appellant also asserts that physical possession of the note was delivered to her on this date.

---

[1] Appellant notes in her opposition to the exception of prescription that the original petition inadvertently referred to the note as a promissory note representing the loan when, in actuality, the suit is based on an oral "loan of money" secured by the "Promissory Note," which was a collateral mortgage note, a *ne varietur* note. The collateral mortgage note was then secured by the collateral mortgage.

Appellant further alleges that she has maintained possession of the note, that she has made demands for payment on the loan, that Appellee has made no payments on the loan, and that she is, as Bearer of the note, entitled to recover the principal balance, interest, and reasonable attorney's fees as provided in the collateral mortgage note. Appellant also sought to have her mortgage on the property described in the "Collateral Mortgage" recognized and maintained. Attached to the petition were copies of the "Promissory Note," St. Martin Parish Recording Page, "Collateral Mortgage," and the "Notice of Assignment of Promissory Note." However, Appellant has not produced the original "Promissory Note."

In response, Appellee filed an Exception of Prescription alleging that no payments on the money lent have been made and the obligation has prescribed. Appellee also filed an answer and reconventional demand seeking to have the collateral mortgage recordation cancelled. In opposition, Appellant asserts that her possession of the collateral mortgage note acted as a continual interruption of prescription; thus, the exception of prescription should be denied.

At the hearing on the exception, Appellant introduced an affidavit of the notary who prepared the "Promissory Note" and "Collateral Mortgage" instruments. The notary attested that both were executed "as security for an underlying loan of money by Gerald Hulin to Shawn Peter Hulin to assist Shawn Peter Hulin." However, despite the trial court's request, Appellant could not produce the original note, and her counsel admits that, at the present, "we're not in possession of the original to supply to the court." Thereafter, the trial court determined that the note was prescribed on its face; thus, prescription would only be interrupted by continued possession of the note, which Appellant could not produce. Thereafter, the trial court

granted the exception of prescription and dismissed Appellant's petition with prejudice.

On appeal, Appellant asserts that the trial court erred in four respects: (1) in determining that the "Promissory Note" was the principal obligation, rather than the oral loan of money, (2) by not treating the "Promissory Note" and "Collateral Mortgage" as accessory obligations securing the oral loan of money, (3) by failing to find that the pledge of the "Promissory Note," and its continued possession by Appellant, interrupted prescription on the oral loan of money, and (4) by requiring Appellant to produce the original "Promissory Note."

## LAW AND ANALYSIS:

When reviewing peremptory exceptions of prescription on appeal, the appellate standard of review depends on whether evidence was adduced at the trial court. *N. G. v. A. C.*, 19-307 (La.App. 3 Cir. 10/2/19), 281 So.3d 727. If no evidence was submitted, "the judgment is reviewed simply to determine whether the trial court's decision was legally correct." *Id.* at 733 (quoting *Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043). If evidence was supplied, the trial court's factual findings are reviewed under the manifest error-clearly wrong standard of review. *Specialized Loan Servicing LLC v. January*, 12-2668 (La. 6/28/13), 119 So.3d 582; *Smith v. Vick Inv., LLC*, 19-622 (La.App. 3 Cir. 6/3/20), 298 So.3d 288, *writ denied*, 20-830 (La. 10/14/20) 302 So.3d 1114.

Recently, this court favorably quoted *McGill v. Thigpen*, 34,386, pp. 3-4 (La.App. 2 Cir. 2/28/01), 780 So.2d 1224, 1227-28, which explained collateral mortgage instruments as well as the applicable prescription periods:

A collateral mortgage is a form of conventional mortgage which developed in Louisiana's jurisprudence through the recognition that one can pledge a note secured by a mortgage to secure another debt. The collateral mortgage is comprised of three documents. First, there is a promissory note, referred to also as a collateral mortgage note or a *ne varietur* note. Second, there is an act of mortgage, also referred to as the collateral mortgage, which secures the collateral mortgage note. Third, there is an indebtedness evidenced by a promissory note, also referred to as the hand note, for which the collateral mortgage note is pledged as security. No money is directly advanced on the collateral mortgage note which is paraphed to identify it with the act of mortgage. Instead, the collateral mortgage note and the mortgage securing it are pledged to secure a debt evidenced by the hand note.

Since the collateral mortgage note and hand note are promissory notes, they are subject to a prescriptive period of five years as provided in La. C.C. art. 3498. . . . Prescription on a note payable on demand runs from the date of execution of the note. . . .

The party pleading the peremptory exception of prescription bears the burden of proof. However, where the [creditor's] cause of action is prescribed on the face of the petition, the [creditor] bears the burden of rebutting the plea of prescription. . . .

*Succession of Campbell*, 19-91, pp. 8-9 (La.App. 3 Cir. 10/2/19), 280 So.3d 979, 986.

Appellant's Assignments of Error Numbers One and Two involve the trial court's determination of whether the primary obligation was the oral loan of money or the "Promissory Note." Appellant argues that the "Promissory Note" was, in fact, the collateral mortgage note, secured by the "Collateral Mortgage," which secured the oral loan of money. Under this scenario, there is no hand note evidencing the primary indebtedness as described in *Campbell*. Appellant asserts that the trial court erred in finding that the "Promissory Note" was the hand note representing the primary obligation instead of the accessory obligation.

The hearing transcript first appears to indicate that the trial court believed the "Promissory Note" to be the principal obligation. The trial court stated:

> [T]he problem here is you have the original promissory note for the debt, but you're trying to enforce it and it's beyond the five year period. In order to do so, you have to have the hand note that was secured by the mortgage that was pledged to you to interrupt prescription. You don't have that, so he's proper on prescription.

Later, the trial court appears to entertain the idea that the "Promissory Note" is, instead, the collateral mortgage note:

> BY THE COURT:
> Because we have a hand note payable to bearer, Ms. Estrada could take that hand note and that mortgage and go to the bank and say I want to pledge this as security for a loan for me. And she could do that. So this only says the [sic] he executed the note. This doesn't say she's still in possession of it, and she could have pledged it to someone else.
>
> [APPELLANT]:
> Correct, Your Honor. So essentially, production of the original hand note, possession of that as far as the theory that we forwarded, would suggest that the possession is a continuing acknowledgement of it whereby prescription would not have run on the underlying obligation --
>
> BY THE COURT:
> You don't have possession of it.
>
> [APPELLANT]:
> But in the event? Because my client suggests there's an original and locating that hasn't happened yet. There's a question about where it is. We're determine to find it. Unfortunately, at present we're not in possession of the original to supply to the Court. But there's an original that we're determined to locate.

However, the court ultimately concluded:

> BY THE COURT:
> It's based on your pleadings. You said a promissory note was executed, more than five years had passed and no payments were made, and a collateral mortgage was granted along with a hand note. Based on the pleadings of the petition, okay, he files an exception of prescription that it's beyond the five year period, unless you can produce the hand note to interrupt that prescription, or some payment,

5

or some form of acknowledgment, I've got to grant the exception of prescription.

Based on the transcript it appears the trial court may have concluded that the "Promissory Note" was the hand note, i.e. the primary obligation, as initially alleged in Appellant's petition. However, there is no definitive factual finding set forth in the transcript.

Appellant's amended petition states that the "Promissory Note" is the collateral mortgage note securing an oral loan of money. The "Promissory Note" in the record also reflects a collateral mortgage note. Although titled "Promissory Note," a collateral mortgage note is just that—collateral mortgage notes are promissory notes. *See Campbell*, 280 So.3d 979. Furthermore, the "Promissory Note" is "[p]araphed 'Ne Varietur' for identification with an Act of Collateral Mortgage[.]" The "Collateral Mortgage" document also states, "Mortgagor does by these presents declare and acknowledge a debt in the amount of sixty thousand dollars ($60,000.00) and to evidence such indebtedness has executed a Collateral Mortgage Note ("Note") for the mentioned amount[.]" Lastly, the affidavit of Ronald Menville, the notary who prepared the instruments, states, "The Promissory Note and the Collateral Mortgage were executed as security for an underlying loan of money by Gerald Hulin to Shawn Peter Hulin to assist Shawn Peter Hulin."

Regardless, under both scenarios, the primary obligation is prescribed on its face. Appellant asserts that the oral loan of money occurred on or about the same day as the execution of the collateral mortgage note, December 5, 2011. An action on a loan of money prescribes in three years. La.Civ.Code art. 3494(3). An action on a promissory note prescribes in five years. La.Civ.Code art. 3498. Thus,

6

accepting Appellant's scenario results in a shorter prescriptive period and does not change the need for Appellant to overcome prescription.

To survive a plea of prescription in this case, Appellant must prove that prescription was interrupted. This issue introduces a discussion of Appellant's Assignments of Error Numbers Three and Four. Appellant alleges that the trial court erred in failing to find that the pledge of the "Promissory Note," and its continued possession by Appellant, acted as a continual interruption of prescription. Appellant also alleges that the trial court erred in requiring Appellant to produce the original note.[2]

Prescription on the principal obligation is interrupted when the obligation "is secured by a pledge, and [] it remains interrupted, as long as the thing pledged is in the possession of the pledgee[.]" *Succession of Picard*, 238 La. 455, 462, 115 So.2d 817, 819 (La.1959). It is not the act of the pledge itself that interrupts prescription on the principal obligation, rather the detention of the thing pledged by the pledgee. *Scott v. Corkern*, 231 La. 368, 91 So.2d 569 (La.1956). Even when the pledged note itself is prescribed, the retention of that prescribed pledged note continues to interrupt prescription on the primary obligation. *City of Shreveport v. Black*, 50,527 (La.App. 2 Cir. 4/20/16), 194 So.3d 1132. "Prescription is not interrupted, however, if the original collateral mortgage note is not in the creditor's possession." *Campbell*, 280 So.3d at 986.

In *Campbell*, Mr. Johnson, the creditor, sought to enforce a debt owed by an estate, and the estate heirs filed a peremptory exception of prescription. Mr. Johnson

---

[2] Although Appellant's brief indicates the trial court required the original note representing the principal obligation, the transcript suggests the trial court required the production of the original collateral mortgage note, which Appellant suggests is the "Promissory Note."

7

produced copies of the collateral mortgage, collateral mortgage note, and the check evidencing the money lent, but testified that he did not have possession of the original collateral mortgage note or the original promissory note. Despite the copies submitted and testimony from the attorney who prepared those documents, this court found that Mr. Johnson's claim on the promissory note was prescribed. This court reasoned:

> Even assuming that Mr. Johnson proved the existence of the $265,000.00 promissory note, **he does not have the collateral mortgage note in his possession**. Therefore, he failed to prove that prescription on the promissory note was interrupted. . . .
>
> At best, Mr. Johnson's check payable to [Debtor] proved that he loaned [Debtor] $265,000.00 on November 6, 2009. Claims for money loaned prescribe in three years. La.Civ.Code art. 3494(3). Mr. Johnson acknowledged that [Debtor] had not made any payments on the loan and did not establish with other evidence that prescription on the loan was otherwise interrupted.

*Id*. at 986-87 (emphasis added).

Similarly, in *McGill*, 780 So.2d 1224, the appellate court concluded that the plaintiffs' action was prescribed where the collateral mortgage note was lost. The plaintiffs initiated an action to foreclose on a property by enforcing a hand note secured by the pledge of collateral mortgage notes and collateral mortgages. The interests in these instruments were assigned to the plaintiffs during a merger. The plaintiffs alleged that no payments were made on the hand note and admitted that the originals of the instruments were lost during the merger, which occurred approximately one month prior to the filing of the suit.

The appellate court first determined that the collateral mortgage notes had prescribed where no payments were made on the primary obligation, no written acknowledgment of the collateral mortgage notes existed, and the suit was brought more than five years after payment on the collateral mortgage notes became exigible.

8

Therefore, no viable claim against the mortgaged property existed. Furthermore, if the hand note remained viable, "it remains a purely personal obligation of the maker and is no longer secured by the mortgage." *Id.* at 1229. After considering the viability of the hand note, the court concluded that, "[b]ecause the instruments, including the hand note and collateral mortgage notes, have been either lost or destroyed, we do not find that prescription on the hand note has been interrupted by constant acknowledgment." *Id.* In a footnote the court noted, "The record does not indicate when the various instruments were lost. The burden was on the plaintiffs to prove the interruption of prescription. They have not met this burden." *Id.*, fn. 4.

In this case, Appellant asserts that Mr. Gerald Hulin lent Appellee $60,000.00, which was an oral loan not evidenced by a hand note or promissory note. Appellant also asserts that Appellee has not made any payments on the loan. The loan, given on or about December 5, 2011, prescribed three years later. Appellant, therefore, must prove that prescription on the loan was interrupted by the continued possession of a collateral mortgage note. In other words, Appellant was required to prove that the thing pledged remained in the possession of the pledgee.

To carry her burden, Appellant submitted a copy of the "Promissory Note," i.e. the collateral mortgage note. Appellant also submitted the "Notice of Assignment of Promissory Note, and Collateral Mortgage" evidencing that Mr. Gerald Hulin assigned his rights in the "Promissory Note" and "Collateral Mortgage" to Appellant on June 8, 2016. Although on appeal Appellant argues that Mr. Gerald Hulin assigned those rights to Appellant by "delivering physical possession of the collateral mortgage note to petitioner as the new holder and bearer of the note[,]" the assignment does not mention the physical delivery of those instruments. Even assuming arguendo, the assignment would evidence physical transfer of the

instruments, that transfer occurred on June 8, 2016. Without evidence that Appellant maintained possession of the "Promissory Note" after that date, prescription accrued three years later, prior to the filing of this action on August 5, 2016.[3]

As in *McGill*, Appellant has not submitted any evidence that the pledge, the "Promissory Note," remained in possession of the pledgee to interrupt prescription. It was Appellant's burden to prove the interruption of prescription. She has not met this burden. Thus, we find no error in the trial court requiring Appellant to produce the original collateral mortgage note (the "Promissory Note"), or the trial court's determination that prescription was not continually interrupted. Appellee's Exception of Prescription was properly granted.

## DECREE:

The trial court's October 30, 2019 Judgment granting Shawn Peter Hulin's Exception of Prescription and dismissing Nancy Estrada's petition with prejudice is affirmed. Costs of this appeal are assessed to Nancy Estrada.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

---

[3] "[P]rescription commences anew from the date of interruption." *City of Shreveport*, 194 So.3d at 1135.